# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| State of Ohio, ex rel. Dave Yost<br>Attorney General, | Case No. 24-3033 |
| *Plaintiff-Appellee*, | |
| vs. | |
| Ascent Health Services, LLC, et al., | |
| *Defendants-Appellants*. | |

### APPELLANTS' MOTION TO HOLD APPEAL IN ABEYANCE PENDING THE U.S. SUPREME COURT'S DECISION IN *ROYAL CANIN U.S.A., INC. V. WULLSCHLEGER*

Appellants respectfully request that the Court hold this appeal in abeyance pending the U.S. Supreme Court's decision in *Royal Canin U.S.A., Inc. v. Wullschleger*, Case No. 23-677. Last week, the Supreme Court granted review in *Royal Canin* on potentially dispositive issues in this appeal—whether and under what circumstances post-removal events can defeat federal jurisdiction that existed at the time of removal to federal court. This appeal presents those same issues. Because the Supreme Court's decision in *Royal Canin* will likely provide controlling authority for issues in this appeal, the Court should hold this appeal in abeyance to conserve judicial and litigant resources.

1

## BACKGROUND

This appeal arises from the State of Ohio's ("State") lawsuit alleging that Appellants violated Ohio law in providing pharmacy benefit manager services. *See* Compl., RE 1-3. Because the State challenges services that Appellants provided to federal health benefit programs at the direction and supervision of federal officers, Appellants exercised their right to remove this case to federal court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Removal, RE 1. The State filed a motion to remand in which it offered a "post-removal disclaimer," stating: "The State expressly states now that its claims do not challenge the operation or administration of federal health benefits programs." Remand Motion, RE 40, Page ID # 1455.

Appellants opposed the remand motion, arguing that the "State's post-removal disclaimer does not defeat" federal jurisdiction. Remand Opp'n, RE 56, Page ID # 2418; *see also* Remand Opp'n, RE 55, Page ID # 2398 (same). Appellants cited this Court's case law that "jurisdiction is determined as of the instant of removal," so "a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint." Remand Opp'n, RE 56, Page ID # 2418 (quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000)); *see also* Remand Opp'n, RE 55, Page ID # 2398 (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000)).

The district court granted the remand motion. Remand Order, RE 97. The court did not question that Appellants properly removed the case under the federal officer removal statute. Instead, the district court based its

2

decision on the State's post-removal disclaimer in the remand motion. The court reasoned that, even when removal is proper, "post-removal claim disclaimers" can defeat federal jurisdiction. *Id.* at Page ID # 2915. The court, however, failed to address this Court's case law (raised by Appellants) that jurisdiction is tested at the time of removal and cannot be defeated by post-removal conduct. *See id.* Recognizing Appellants' right to appellate review, the district court stayed proceedings. Stay Order, RE 106.

There is a circuit split on whether such post-removal events—including amendments to the complaint or disclaimers in a brief—can defeat federal jurisdiction. Most federal circuits have held that they cannot.[1] *See, e.g., Smith v. Wynfield Dev. Co.*, 238 F. App'x 451, 455 (11th Cir. 2007) ("events occurring after removal . . . do not oust the district court's jurisdiction"); *Hampton v. Safeco Ins. Co. of Am.*, 614 F. App'x 321, 324 (6th Cir. 2015) (similar); *Collura v. City of Philadelphia*, 590 F. App'x 180, 184 (3d Cir. 2014) (similar); *Rogers*, 230 F.3d at 872 (similar); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (similar), *overruled on other grounds*, 578 U.S. 374 (2016). The Eighth Circuit reached a different conclusion in *Royal Canin. See Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 924 (8th Cir. 2023).

---

[1] Neither post-removal pleading amendments (as in *Royal Canin*) nor informal disclaimers (as in this case) can defeat federal jurisdiction because federal jurisdiction is tested at the time of removal. But there are many other independent reasons why such post-removal manipulations cannot defeat federal jurisdiction, as Appellants argued in the district court and will argue on appeal. *See* Remand Opp'n, RE 56, Page ID # 2418–2421.

On April 29, 2024, the Supreme Court granted review in *Royal Canin* to resolve that circuit split. Specifically, the Court agreed to resolve two issues:

1. Whether such a post-removal amendment of the complaint defeats federal-question subject-matter jurisdiction.

2. Whether such a post-removal amendment of the complaint precludes a district court from exercising supplemental jurisdiction over the plaintiffs remaining state-law claims pursuant to 28 U.S.C. § 1367.

Pet'rs' Br. at i. The Supreme Court has not yet scheduled argument in *Royal Canin*, which likely will occur in October or November 2024.

## ARGUMENT

Good cause exists to hold this appeal in abeyance pending the Supreme Court's decision in *Royal Canin*, as explained below. This Court has broad discretion to hold appeals in abeyance for good cause. *See* Fed. R. App. P. 2; *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Exercising that discretion, this Court often holds "appeals in abeyance until the Supreme Court issues [a] decision" that "may have a significant effect" on an appeal. *Hill v. Synder*, No. 13-2661, Dkt. 80-1 (6th Cir. Oct. 29, 2015); *e.g.*, *United States v. Lara*, 679 F. App'x 392, 395 (6th Cir. 2017) ("Because our decision turns on precedent for which the Supreme Court has recently granted certiorari, we hold [Defendant]'s challenge in abeyance pending resolution of the issue."); *Collins on Behalf of Collins v. Barry*, 841 F.2d 1297, 1299 (6th Cir. 1988) ("*sua*

4

*sponte* enter[ing] an order staying proceedings in [] appeals until the United States Supreme Court rendered a decision in *Gilliard v. Kirk*").[2]

The Court should stay this case because *Royal Canin* may significantly affect this appeal in at least three ways.

*First*, resolution of the primary issue in *Royal Canin*—whether and under what circumstances post-removal events can defeat federal jurisdiction—may entirely resolve this appeal. Here, the district court based its remand decision on the State's "post-removal claim disclaimer." Remand Order, RE 97, Page ID # 2915–2916. If the Supreme Court in *Royal Canin* concludes that post-removal events cannot defeat federal jurisdiction, that holding will likely require reversal of the district court's remand decision— or, at minimum, will substantially guide this Court's analysis of the State's post-removal disclaimer.

---

[2] *See also, e.g.*, *Ocampo v. Hemingway*, No. 22-1994, 2023 U.S. App. LEXIS 30225, at *2 (6th Cir. 2023) ("hold[ing] briefing in abeyance pending the Supreme Court's decision"); *Joseph v. Dunbar*, No. 21-1191, 2023 U.S. App. LEXIS 20864, at *2 (6th Cir. 2023) (same); *United States v. Latham*, No. 21-1052, 2022 U.S. App. LEXIS 20951, at *1 (6th Cir. 2022) (same); *Redmon v. Yorozu Auto. Tenn., Inc.*, 834 F. App'x 234, 235 n.1 (6th Cir. 2021) (same); *United States v. Russell*, No. 20-5458, 2021 U.S. App. LEXIS 14886, at *1 (6th Cir. 2021) (same); *Farmer v. United States*, 773 F. App'x 302, 303 (6th Cir. 2019) (same); *GGNSC Louisville Mt. Holly, LLC v. Mohamed-Vall*, 690 F. App'x 354, 355 (6th Cir. 2017) (same); *Fisher v. Primstaller*, 215 F. App'x 430, 431 (6th Cir. 2007) (same); *Johnson v. Johns*, 100 F. App'x 496, 496 (6th Cir. 2004) (same); *Popovich v. Cuyahoga Cty. Court of Common Pleas*, Nos. 98-4100/98-4540, 2000 U.S. App. LEXIS 33978, at *2 (6th Cir. 2000) (same); *Detroit Athletic Club v. United States*, No. 89-2049, 1990 U.S. App. LEXIS 18676, at *1 (6th Cir. 1990) (same); *United States v. McGhee*, 119 F.3d 422, 423 (6th Cir. 1997) (same); *Leighton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 86-1686, 1987 U.S. App. LEXIS 13149, at *1 (6th Cir. 1987) (same).

Though *Royal Canin* involves federal *question* removal and this case involves federal *officer* removal, for both, jurisdiction is tested at the time of removal, and the reason for federal jurisdiction is protection of a federal interest. *See Maguire v. A.C. & S., Inc.*, 73 F. Supp. 3d 323, 328 (S.D.N.Y. 2014) (explaining that a "plaintiff's later attempts to narrow the scope of her claims, so as to eliminate federal claims or defenses, do not erase the Court's subject matter jurisdiction," because jurisdiction is tested at the time of removal). That interest is particularly strong in federal officer removal cases, as "federal officers . . . require the protection of a federal forum." *Willingham v. Morgan*, 395 U.S. 402, 407 (1967).

*Second*, if the Supreme Court reaches the second issue in *Royal Canin*—the impact of post-removal amendments or disclaimers on supplemental jurisdiction—that too will be relevant to this appeal. After accepting the State's post-removal disclaimer, the district court analyzed whether to retain jurisdiction in "the interests of comity, fairness, and judicial economy," the same analysis used to assess supplemental jurisdiction. *Compare* Remand Order, RE 97, PageID # 2919; *with Carmichael v. City of Cleveland*, 571 F. App'x 426, 434 (6th Cir. 2014) ("supplemental jurisdiction depends on judicial economy, convenience, fairness, and comity") (quotation omitted); *see also Healthcare Venture Partners, LLC v. Anthem Blue Cross & Blue Shield*, No. 1:21-cv-29, 2021 U.S. Dist. LEXIS 215747, at *23 & n.5 (S.D. Ohio Nov. 8, 2021) (the two analyses "are essentially identical"). *Royal Canin* will inform whether

that analysis was proper and resolve the circuit split between the Eighth Circuit, on one hand, and this Court and other circuits, on the other.

*Third*, *Royal Canin* may affect this Court's own precedent that it will consider on this appeal. Both the petitioners and respondents in *Royal Canin* claim this Court's removal decisions support their respective arguments, and both sides cited this Court's decisions in their certiorari stage briefing. *See, e.g.*, Pet'rs' Br. at 20 ("The Sixth Circuit has similarly concluded . . ."); Resp'ts' Br. at 18, 23 (citing Sixth Circuit cases). Presumably at least one side is wrong, but in any event, the Supreme Court's decision in *Royal Canin* will likely provide greater clarity on those precedents.

Because *Royal Canin* may significantly affect the outcome of this appeal, the Court should hold the case in abeyance until *Royal Canin* is resolved. It makes little sense to have the parties brief issues now on which the Supreme Court may soon provide dispositive controlling authority.[3] A stay will also promote judicial economy and conserve litigant resources. Absent a stay, the Supreme Court will issue its *Royal Canin* decision after the parties conclude briefing in this appeal—and possibly after oral argument in this appeal. Thus, not only may the Court not have the benefit of the parties' briefing on the impact of the Supreme Court's decision prior to argument, but the parties may have to submit additional briefing addressing *Royal*

---

[3] While *Royal Canin* may significantly affect this Court's analysis on those issues, Appellants intend to raise other, independent grounds for reversal of the district court's remand decision.

7

*Canin*'s impact once decided. A stay will allow the parties and the Court to avoid these inefficiencies and permit the parties to present the Court with arguments fully informed by binding precedent.

Finally, any prejudice from delay "is far outweighed by the inequity and inefficiency in litigating issues that are going to be decided by the Supreme Court." *Hundley v. Henry Ford Health Sys.*, No. 21-11023, 2021 U.S. Dist. LEXIS 196782, at *9–10 (E.D. Mich. Oct. 13, 2021). For that reason, this Court often holds cases in abeyance while awaiting a Supreme Court decision that may impact or dispose of the underlying issues—and it should do so here. *See, e.g.*, *Redmon v. Yorozu Auto. Tenn., Inc.*, No. 19-5395, Dkt. 23, 33 (6th Cir.) (staying case for 12 months pending a Supreme Court decision); *Hill*, No. 13-2661, Dkt. 72, 80, 82 (same for 12 months).

## CONCLUSION

Because *Royal Canin* may provide dispositive controlling law for this appeal, and at a minimum will provide substantial guidance, Appellants respectfully request that this Court hold this appeal in abeyance and stay the deadline for Appellants to file their opening briefs until thirty days after the Supreme Court issues its decision in *Royal Canin*.

Respectfully submitted,

| DORSEY & WHITNEY LLP | FLANNERY | GEORGALIS, LLC |
|---|---|

*/s/ Nicholas J. Bullard*　　　　　　　　Matthew L. Jalandoni
Jaime Stilson　　　　　　　　　　　　　　Benjamin Reese
Nicholas J. Bullard　　　　　　　　　　　175 South Third St., Suite 1060
50 South Sixth Street, Suite 1500　　　　Columbus, OH 43215
Minneapolis, MN 55402　　　　　　　　　(380) 444-6027
(612) 340-2600　　　　　　　　　　　　　mjalandoni@flannerygeorgalis.com
stilson.jaime@dorsey.com　　　　　　　breese@flannerygeorgalis.com
bullard.nick@dorsey.com

*Counsel for Appellant Prime Therapeutics LLC*

| RULE GARZA HOWLEY LLP | TAFT STETTINIUS & HOLLISTER LLP |
|---|---|

*/s/ Daniel J. Howley*　　　　　　　　　David J. Butler (0068455)
Charles F. Rule　　　　　　　　　　　　41 South High Street, Suite 1800
Daniel J. Howley　　　　　　　　　　　Columbus, Ohio 43215
Emily M. Renzelli　　　　　　　　　　　Telephone: (614) 221-2838
Benjamin Z. Bergmann　　　　　　　　dbutler@taftlaw.com
Erica N. Baum
1701 Pennsylvania Ave. NW　　　　　Jeanne M. Cors (0070660)
Suite 200　　　　　　　　　　　　　　　425 Walnut Street, Suite 1800
Washington, D.C. 20006　　　　　　　Cincinnati, Ohio 45202
Telephone: (202) 843-9280　　　　　　Telephone: (513) 381-2838
rule@rulegarza.com　　　　　　　　　cors@taftlaw.com
howley@rulegarza.com
renzelli@rulegarza.com
bergmann@rulegarza.com
baum@rulegarza.com

*Counsel for Appellants Ascent Health Services LLC, Express Scripts, Inc., The Cigna Group, and Evernorth Health, Inc.*

| | |
|---|---|
| CROWELL & MORNING LLP<br>Shawn R. Johnson<br>Justin D. Kingsolver<br>1001 Pennsylvania Ave. Nw<br>Washington, DC 20004<br>Telephone: (202) 624-2500<br>E-mail: srjohnson@crowell.com<br>jkingsolver@crowell.com<br><br>Jason C. Murray<br>CROWELL & MORNING LLP<br>515 South Flower Street, 40th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 622-4750<br>jmurray@crowell.com | BRICKER GRAYDON LLP<br><br>*/s/ Sommer L. Sheely*<br>Sommer L. Sheely (0076071)<br>Anne Marie Sferra (0030855)<br>100 South Third Street<br>Columbus, OH 43215-4291<br>Telephone: (614) 227-2300<br>Facsimile: (614) 227-2390<br>ssheely@brickergraydon.com |

*Counsel for Appellants Humana Pharmacy Solutions, Inc. and Humana Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on May 10, 2024, a copy of this motion was filed electronically with the Clerk of the Court using the CM/ECF system, which will serve by email counsel of record for all parties. I certify that all participants in this case are registered CM/ECF users.

*/s/ Nicholas J. Bullard*
Nicholas J. Bullard

*Counsel for Appellant Prime Therapeutics LLC*