# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| State of Ohio, ex rel. Dave Yost, Attorney General of Ohio, | Case No. 24-3033 |
| *Plaintiff-Appellee*, | |
| vs. | |
| Ascent Health Services LLC; Express Scripts, Inc.; Cigna Group; Evernorth Health, Inc.; Prime Therapeutics LLC, | |
| *Defendants-Appellants.* | |

**APPELLANTS' REPLY ON MOTION FOR RECONSIDERATION OF THE CLERK'S ORDER DENYING APPELLANTS' MOTION TO HOLD APPEAL IN ABEYANCE PENDING THE U.S. SUPREME COURT'S DECISION IN *ROYAL CANIN U.S.A., INC. V. WULLSCHLEGER***

Appellants submit this reply in support of their motion seeking the Court to reconsider the Clerk's June 7 Order denying Appellants' Abeyance Motion and grant the Abeyance Motion. *See Reconsideration Mtn.*, Doc. 45.

1. <u>Basic Agreement</u>.  The State agrees that (a) an abeyance is warranted when "a forthcoming on-point Supreme Court decision" may have a significant "effect" on a pending appeal, and (b) *Royal Canin* may entirely resolve this appeal. *Id*. at 2 (citing Opp., Doc. 39, at 4-5).  As such, an abeyance is appropriate here.  Nonetheless, the State asserts that this Court should not "halt appeals for any and every effect of pending

Supreme Court cases." Opp., Doc. 46, at 3. That misses the point. No one is arguing that "any and every effect" warrants an abeyance. Rather, everyone including the State agrees that *Royal Canin* may significantly affect—and potentially resolve— this appeal.

    2.    <u>Issue Presented – Post-Removal Events</u>.  While the State admits that *Royal Canin* may significantly affect this appeal, it wrongly claims that "any *Royal Canin* decision would only *support* remand."  Opp., Doc. 46, at 3. *Royal Canin* may instead require *reversal*, because the District Court here held that the State's post-removal disclaimer was effective, (Remand Order, RE 97, Page ID #2915-16), and *Royal Canin* may resolve whether such post-removal events can defeat federal-question subject-matter jurisdiction when federal jurisdiction existed at the time of removal. Efficiency counsels in favor of waiting for the Supreme Court's decision, which will likely provide the framework for analyzing that core issue in this appeal. [1]

The Court's time and resources would be most efficiently used by reconsidering the Clerk's June 7 Order and granting the Abeyance Motion.

---

[1] The Supreme Court also granted review on whether post-removal events preclude "a district court from exercising supplemental jurisdiction over the plaintiffs' remaining state-law claims,"(Case No. 23-677), an issue also raised in this appeal.  *See* Abeyance Mot., Doc. 38, at 6.

Respectfully submitted,

| DORSEY & WHITNEY LLP | FLANNERY \| GEORGALIS, LLC |
|---|---|
| */s/ Jaime Stilson* | Matthew L. Jalandoni |
| Jaime Stilson | Benjamin Reese |
| 50 South Sixth Street, Suite 1500 | 175 South Third St., Suite 1060 |
| Minneapolis, MN 55402 | Columbus, OH 43215 |
| (612) 340-2600 | (380) 444-6027 |
| | mjalandoni@flannerygeorgalis.com |
| | breese@flannerygeorgalis.com |

*Counsel for Appellant Prime Therapeutics LLC*

| RULE GARZA HOWLEY LLP | TAFT STETTINIUS & HOLLISTER LLP |
|---|---|
| */s/ Daniel J. Howley* | David J. Butler (0068455) |
| Charles F. Rule | 41 South High Street, Suite 1800 |
| Daniel J. Howley | Columbus, Ohio 43215 |
| Emily M. Renzelli | Telephone: (614) 221-2838 |
| Benjamin Z. Bergmann | dbutler@taftlaw.com |
| Erica N. Baum | |
| 1701 Pennsylvania Ave. NW | Jeanne M. Cors (0070660) |
| Suite 200 | 425 Walnut Street, Suite 1800 |
| Washington, D.C. 20006 | Cincinnati, Ohio 45202 |
| Telephone: (202) 843-9280 | Telephone: (513) 381-2838 |
| rule@rulegarza.com | cors@taftlaw.com |
| howley@rulegarza.com | |
| renzelli@rulegarza.com | |
| bergmann@rulegarza.com | |
| baum@rulegarza.com | |

*Counsel for Appellants Ascent Health Services LLC, Express Scripts, Inc., The Cigna Group, and Evernorth Health, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 5, 2024, a copy of this motion was filed electronically with the Clerk of the Court using the CM/ECF system, which will serve by email counsel of record for all parties. I certify that all participants in this case are registered CM/ECF users.

*/s/ Jaime Stilson*
Jaime Stilson

*Counsel for Appellant Prime Therapeutics LLC*
